IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DENNIS WELLS, ) | 2:08-CV-00514 JMS-BMK (PC) |
| ) | |
| Plaintiff, ) | FINDING AND |
| ) | RECOMMENDATION THAT |
| vs. ) | PLAINTIFF'S COMPLAINT BE |
| ) | DISMISSED WITH LEAVE TO |
| BUTTE COUNTY JAIL, et al., ) | AMEND |
| ) | |
| Defendants. ) | |
| _____ ) | |

FINDING AND RECOMMENDATION THAT PLAINTIFF'S
COMPLAINT BE DISMISSED WITH LEAVE TO AMEND

On March 6, 2008, Plaintiff Robert Dennis Wells, a state prisoner proceeding pro se and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff brings claims on behalf of himself and another inmate, William F. Veaver, against Defendant Butte County Jail and certain staff members. Plaintiff complains that the jail staff tampered with his legal mail without his consent and that the jail's grievance procedures were inadequate in resolving his and Veaver's grievances. For the reasons articulated below, the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED and that Plaintiff be GRANTED leave to file a first amended complaint no later than **December 21, 2009**.

BACKGROUND

Plaintiff and Veaver were inmates at the Butte County Jail in Oroville, California.[1] Plaintiff's Complaint sets forth numerous allegations, which can be reduced to the following three complaints. First, Plaintiff alleges he received legal mail that jail staff "tampered with" without his permission. He says the seal on the envelope was "broken opened cut-out & then retaped shut . . . without my presence." (Complaint at 2-3.)

Second, Plaintiff challenges the jail's procedures in dealing with his various grievances. Specifically, he alleges that, in addressing his grievances, jail staff lied, falsified information, did not conduct full investigations, disobeyed their responsibilities, did not provide "formal responses," denied his grievances with "no resolution," and conspired against him. Plaintiff contends that jail staff did not resolve his grievances, but instead gave "no resolutions - only denials and dead ends." (Id. at 3G.) Plaintiff asserts that these actions denied him his "due process of civil rights." (Id. at 3J.)

---

[1] In June 2008, Plaintiff notified the Court that he is no longer incarcerated at the Butte County Jail.

Third, Plaintiff brings claims on behalf of inmate Veaver, challenging the jail staff's handling of Veaver's grievances and medical problems. (Id. at 2, 3C-3H, 3N, 3AF, 3AH-AJ.)

Plaintiff seeks $2,133,333.31 in monetary damages.

## STANDARD OF REVIEW

The Court is required to conduct a preliminary screening of any case in which a prisoner seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. §§ 1915(e)(2), 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

arguable legal and factual basis.  See Franklin, 745 F.2d at 1227 (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)).

The Court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In giving such liberal interpretation, however, the Court may not "supply essential elements of the claim that were not initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

"Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  Should the plaintiff amend his complaint, the Court may not refer to the prior pleading in order to make the plaintiff's amended complaint complete.  As a general rule, an amended complaint supersedes the original complaint, "the latter being treated thereafter as non-existent."  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct violated a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). The Court addresses each of Plaintiff's claims in turn.

First, Plaintiff claims that Butte County Jail staff tampered with his legal mail without permission. (Complaint at 2, 3.) The Ninth Circuit has noted that prisoners enjoy a First Amendment right to send and receive mail. Musquez v. Sepulveda, No. C 07-5996 VRW (PR), at 1 (N.D. Cal. Mar. 25, 2008) (citing Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995)). However, "isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation." Id. Here, Plaintiff alleges that, on January 25, 2008, he received legal mail that prison staff had opened and "retaped shut." (Complaint at 2.) Plaintiff does not allege any improper motive or resulting interference with the right to counsel or access to the courts. Without more, Plaintiff complains of only an isolated interference with legal mail, which is "insufficient to state a claim

under § 1983." Staples v. Harden, No. C 93-2284 SBA, at 1 (N.D. Cal. July 30, 1993). The Court therefore recommends that this claim be dismissed.

Second, Plaintiff challenges the jail staff's procedures in dealing with his various grievances. He claims he was denied "due process of civil rights" when, in denying his grievances, the jail staff allegedly lied, falsified information, did not conduct full investigations, and conspired against him. "When a plaintiff brings an action under 42 U.S.C. § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law. Sandefur v. Lewis, 937 F. Supp. 890, 894 (D. Ariz. 1996). However, "[p]risoners simply have no federally protected interest in a grievance procedure." Davis v. Calvin, No. CIV S-07-1383 FCD EFB P, at 5 (E.D. Cal. 2008) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). In other words, "[t]here is no legitimate claim of entitlement to a grievance procedure." Mann, 855 F.2d at 640. Consequently, Plaintiff fails to allege facts supporting a claim that any constitutionally protected interest was violated when the jail staff addressed his grievances. The Court therefore recommends that this claim be dismissed.

Lastly, Plaintiff asserts claims on behalf of inmate Veaver, challenging the jail's handling of Veaver's grievances and medical problems.

(Complaint at 2, 3C-3H, 3N, 3AF, 3AH-AJ.)  As the Ninth Circuit has made clear, however, a "litigant appearing in propria persona has no authority to represent anyone other than himself."  Russel v. United States, 308 F.2d 78, 79 (9th Cir. 1962).  Therefore, there is "no matter presently before us presented by, or on behalf of, [inmate Veaver]," id., and the Court recommends that the claims allegedly brought on his behalf be dismissed.

Accordingly, the court RECOMMENDS that Plaintiff's Complaint be DISMISSED and that Plaintiff be GRANTED leave to file a first amended complaint.  If Plaintiff chooses to file an amended complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.   The first amended complaint supersedes the original Complaint.  After amendment, the Court will treat the original Complaint as nonexistent.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may include only one claim per count.  Garcia v. Jackimczyk, No. CV 08-2297-PHX-DGC (MEA), at 2 (D. Ariz. Mar. 3, 2009).

## CONCLUSION

In light of the foregoing, the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED.  Plaintiff is GRANTED leave to amend as described in this Order no later than **December 21, 2009**.  Failure to file a first amended complaint by **December 21, 2009** will result in automatic dismissal of this action.

This Finding and Recommendation is submitted to District Judge J. Michael Seabright, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Any objection to this Finding and Recommendation is due November 17, 2009.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A copy of the objection shall be served on all parties.  Any reply to the objection shall be due November 30, 2009.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 28, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Robert Dennis Wells v. Butte County Jail, et al., CV. NO. 2:08-CV-00514 JMS-BMK (PC); FINDING AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH LEAVE TO AMEND.